**Hunsdon Cary STEWART, Plaintiff–Appellant,**

v.

**Anthony J. ALOIA; et al., Defendants–Appellees.**

No. 05–56500.

United States Court of Appeals, Ninth Circuit.

Submitted May 7, 2007.*

Filed May 14, 2007.

Hunsdon Cary Stewart, Playa Del Rey, CA, pro se.

Edmund G. Farrell, III, Esq., Murchison & Cumming Chase Plaza, Dana Batmanghelich, Ozra Monir Lebastchi Batmanghelich, Sandra Isabel Barrientos, Office of the California Attorney General, Los Angeles, CA, Kenneth S. Gaines, Esq., Law Offices of Kenneth S. Gaines, Woodland Hills, CA, Keith A. Bregman, Esq., Law Offices of Keith A. Bregman, for Defendants–Appellees.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Roya Batmanghelich Stewart, Los Angeles, CA, pro se.

Before: KOZINSKI, GOULD and CALLAHAN, Circuit Judges.

MEMORANDUM **

Appellees J. Citron, Paul Gutman, Alan B. Haber, Lisa Hart–Cole, S. Ogawa, Ruth Miklos, Richard Neidorf, Dennis Perluss, Gerald Rosenberg and Bobbi Tillman (collectively, the "State Defendants"), move for summary affirmance of the district court's order dismissing appellant's complaint against the State Defendants with prejudice, pursuant to Federal Rule of Civil Procedure 12(b), on the ground that they are entitled to judicial and quasi-judicial immunity. We have jurisdiction under 28 U.S.C. § 1291 and we grant the motion as to those appellees only.

The determination of immunity is a question of law, which this court reviews de novo. *See Olsen v. Idaho State Bd. of Medicine,* 363 F.3d 916, 922 (9th Cir.2004). Each of the State Defendants is either a judicial officer or court clerk of the Superior Court of California. Accordingly, the District Court properly concluded that the State Defendants are entitled to judicial or quasi-judicial immunity because appellant seeks damages in connection with acts allegedly performed during the adjudication of appellant's family law action in the Superior Court of California and because appellant has failed to establish that the State Defendants acted in clear absence of

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

all jurisdiction. *See Stump v. Sparkman,* 435 U.S. 349, 356–57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *In re Castillo,* 297 F.3d 940, 946–47 (9th Cir.2002).

Appellant is advised that, if he continues to file frivolous papers related to the State Defendants, he shall be subject to possible sanctions.

This appeal is ready for calendaring as to the remaining parties.

**AFFIRMED as to appellees J. Citron, Paul Gutman, Alan B. Haber, Lisa Hart–Cole, S. Ogawa, Ruth Miklos, Richard Neidorf, Dennis Perluss, Gerald Rosenberg and Bobbi Tillman.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.